FIDELITY GENERAL INSURANCE COMPANY, Plaintiff-Appellee, *v.* NELSEN STEEL & WIRE COMPANY, INC., Defendant-Appellant.

(No. 54348; ▮▮▮▮▮

First District—April 8, 1971.

*Rehearing denied June 2, 1971.*

Price, Cushman, Keck and Mahin, of Chicago, (Thaddeus S. Snell, James T. Otis, and John R. F. Baer, of counsel,) for appellant.

Sydney W. Hollander and Branko M. Steiner, both of Chicago, (Branko M. Steiner, of counsel,) for appellee.

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Plaintiff Fidelity General Insurance Company brought this action to recover from defendant Nelsen Steel and Wire Company an amount paid by plaintiff to an injured third party under a contract of insurance covering a motor vehicle rented by defendant from plaintiff's insured, Pearson's Car Service. On motions for summary judgments by both parties, the trial court entered judgment for plaintiff and defendant appeals.

Pearson's was engaged in the business of renting motor vehicles to be operated by its customers. While Robert Duffy, an employee of defendant, was driving a truck rented by defendant from Pearson's, admittedly on a personal errand with defendant's express consent and outside the scope of his employment and outside the usual course of defendant's business, he was involved in a collision with an automobile owned and operated by Sidney L. Peterson, Sr. Peterson sued Duffy to recover for personal injuries allegedly sustained in the accident. Pursuant to a written memorandum of agreement between plaintiff and defendant, plaintiff paid to Peterson $19,000.00 in settlement of his claim. Plaintiff had determined that notwithstanding any attempted limitation of its liability under the policy or rental contract, there was a substantial possibility that it could be liable to Peterson by reason of the statutory omnibus clauses of Ill. Rev. Stat. 1965, ch. 95½, par. 8—114 and 8—118, requiring a motor vehicle liability policy for owners of for-rent motor vehicles to provide coverage for customers and any person operating the motor vehicle with the customer's express or implied consent. Such statutory omnibus clauses had been incorporated into liability policies in analogous cases. See *Landis v. New Amsterdam Casualty Company,* 347 Ill. 560.

In this action plaintiff seeks to recover from defendant the $19,000.00

plus interest paid to Peterson by virtue of a reimbursement provision contained in the vehicle rental agreement which provides in part:

"The insurance policy referred to below has adequate limits of liability and property damage in compliance with the law of the state of Illinois for all injuries and damages other than to the rented vehicle, resulting from one accident arising from the operation of the vehicle described hereon  *  *  *.

The vehicle described hereon shall not be operated:

*  *  *

(i) Outside of the scope of the driver's employment in the usual course of the trade, business, profession or occupation of the renter  *  *  *.

4. Renter being one of the assured under the insurance policy covering said vehicle agrees to comply with all the terms and conditions of said policy, which by reference thereto are incorporated herein and made a part hereof, and to comply with the terms and conditions thereon.

5. Renter further expressly agrees to indemnify the insurance company for any and all loss, damage, cost and expense paid or incurred by the insurance company because of injuries or damage sustained by occupants of said vehicle in states where the law makes Pearson's or its insurance carrier liable for injuries to occupants of said vehicle, or because of injuries or damages resulting from the operation of said vehicle in violation of any of the terms and conditions appearing above."

Defendant contends that the coverage requirements of Sections 8—114 and 8—118 of the Illinois Vehicle Law (Ill. Rev. Stat. 1965, ch. 95½, par. 8—114 and par. 8—118) must be read into the insurance policy, and the reimbursement clause in the rental contract is contrary to public policy to the extent that it requires a renter to indemnify insurer for risks required by these sections.

Section 8—114 provides:

"Owner of for-rent motor vehicle to give proof of financial responsibility. It is unlawful for the owner of any motor vehicle to engage in the business, or to hold himself out to the public generally as being engaged in the business of renting out such motor vehicle to be operated by the customer, unless the owner has given, and there is in full force and effect and on file with the Secretary of State, proof of financial responsibility as hereinafter provided."

Section 8—118 provides:

"Insurance policy as proof—requirements. A motor vehicle liability policy in a solvent and responsible company, authorized to do business in the State of Illinois, providing that the insurance carrier will pay

any judgment within thirty days after it becomes final, recovered against the customer or against any person operating the motor vehicle with the customer's express or implied consent, for damage to property other than to the rented motor vehicles, or for an injury to, or for the death of any person, not an occupant of the rented motor vehicle, resulting from the operation of the motor vehicle, provided, however, every such policy provides insurance insuring the operator of the rented motor vehicle against liability imposed by law upon such insured for bodily injury to, or death of any person or damage to property to the amounts and limits as provided under Section 7—317 of this Act."

Plaintiff concedes for the purpose of this appeal that by virtue of these sections any person other than an occupant injured by the negligent use of the rented vehicle by the customer or any person operating the vehicle with the customer's express or implied consent, would be entitled to recover from the insurer the amount of a judgment rendered against the insured.

A motor vehicle liability policy submitted to the Department of Insurance for approval is reviewed by the standards provided in Section 143 of the Insurance Code (Ill. Rev. Stat., 1969, ch. 73, par. 755(2)). That section provides in part:

"If the Director shall find from an examination of any such policy, form, rider, endorsement, application blank, or other matter incorporated by reference in any such policy so filed that it violates any provision of this Code, contains inconsistent, ambiguous or misleading clauses, or contains exceptions and conditions that will unreasonably or deceptively affect the risks that are purported to be assumed by the policy, he shall order the company or companies issuing such forms to discontinue the use of the same."

A policy containing the sweeping provisions of this rental agreement is contrary to the statutes relating to insurance and therefore against public policy. Although plaintiff relies only on the restriction in the rental agreement that the vehicle may be used only within the course of the renter's business, which plaintiff contends to be reasonable, there are in addition other provisions for the violation of which the renter would have to reimburse plaintiff for any amounts paid to an injured third party. These provisions in the rental agreement include the following:

"The vehicle described hereon shall not be operated:

(a) By any person in violation of law as to age or by any person under the age of twenty-one (21) years in any event.

\* \* \*

(d) By any person other than the renter who signed the rental agreement of his employer or by a person regularly employed by such renter in the usual course of his business.

(e) In violation of any of the terms of the rental agreement.

&ast; &ast; &ast;

(i) Outside of the scope of the drivers' employment in the usual course of the trade, business, profession or occupation of the renter.

&ast; &ast; &ast;

3. Renter agrees not to use said vehicle for the transportation of persons or property for hire, nor to use it in violation of any Federal, State or Municipal law, ordinance, rule or regulation governing the use or return thereof; nor to remove it from this state without the written consent thereto of Pearson's.

4. Renter being one of the assured under the insurance policy covering said vehicle agrees to comply with all the terms and conditions of said policy, which by reference thereto are incorporated herein and made a part hereof, and to comply with the terms and conditions hereon."

and are so broad as to make the renter a self-insured in virtually every claim situation. For example, for the insurer to receive reimbursement the renter must be liable for injuries occurring when (1) driven out of the ordinary course of business, (2) driven by one under 21 years of age, (3) when *any* federal, state or municipal law, ordinance, rule or regulation governing the use of the vehicle is violated, (4) when there is compensation of any kind for transportation of person or property, (5) when driven outside of the State without anticipating a diversion of such unconsequential nature and requesting and receiving written consent for it, and (6) the all-embracing, driven in violation of *any* of the terms of the rental agreement. How often is the operator of a motor vehicle liable for negligence without having violated some traffic law? These provisions are operative in most claim situations, and coupled together, effectively transform the contract for "insurance" coverage purportedly extended to the renter by the rental agreement and incorporated policy (which the renter has probably never seen or had an opportunity to examine) into one of suretyship with the renter as principal.

We conclude that this reimbursement clause when read with the policy and rental agreement in its entirety is so broad as to "unreasonably or deceptively affect the risks that are purported to be assumed by the policy," and therefore violates the public policy of this state and is unenforceable.

■■ The language in the first sentence of the rental agreement that

"the insurance policy referred to below has adequate limits of liability and property damage in compliance with the law of the State of Illinois for all injuries and damages other than to the rented vehicle resulting from one accident arising from the operation of the vehicle described hereon," and in paragraph 4 of the agreement that "renter being one of the assured under the insurance policy covering said vehicle agrees to comply with all the terms and conditions of said policy which by reference thereto are incorporated herein and made a part hereof, and to comply with the terms and conditions thereon," means that the renter is insured from liability for injuries arising out of the use of the rented vehicle. Liability insurance is a contract by which one party promises upon a consideration to compensate or reimburse the other if he shall suffer loss from a specified cause or to guarantee or indemnify or secure him against loss from that cause. (*Continental Casualty Company v. Fleming*, 46 Ill.App.2d 276.) Insurance is defined in Webster's Dictionary, Third Edition, as "coverage by contract whereby for a stipulated consideration one party undertakes to indemnify or guarantee another against loss by a specified contingency or peril." We believe that these definitions represent the common understanding of the terms "insurance" or "assured" and it is clear that it is the assured person who is to be indemnified from his loss. Surely the primary expectation of the renter must be that to the prescribed limit of Illinois insurance requirements he or his company is relieved of liability for injuries caused by the use of the vehicle and that his assets are protected, and not only that any person he may injure will be compensated. However, in paragraph 5, the rental agreement provides for reimbursement of amounts paid in most situations likely to occur, thus creating an ambiguity in the rental agreement which incorporates the policy. This ambiguity must be resolved against the insurer.

The issue of the enforceability of a similar indemnity provision was presented in a different factual situation in *Atlantic National Insurance Company v. Armstrong*, 52 Cal. Rptr. 569, 416 P.2d 801. In that case McKeown rented an automobile from Hertz. McKeown then gave Stanley permission to drive the automobile. While Stanley was driving, with McKeown sitting beside him at the time, the rented car collided with another car being driven by Sobel. McKeown and Stanley were killed and Sobel was injured. Sobel then sued the estates of Stanley and McKeown for damages.

Plaintiff-insurer then filed suit for a declaratory judgment to determine the scope of its obligation. The appeal concerned the issue of whether plaintiff had to defend Stanley's estate and to bear any liability imposed

on the estate as a result. The rental agreement signed by McKeown provided that he would participate in an automobile public liability policy and that he would comply with all conditions of the insurance policy and the rental agreement. The rental agreement provided that the car could not be operated by anyone other than the renter, his family or an employer or employee of the renter. The rental agreement further provided that the renter agreed to indemnify the insurer for any loss resulting from the use or operation.

After concluding that Stanley was an insured under the insurance policy because the California Vehicle Code required such a policy to provide coverage for any person using the vehicle with the permission of the renter, the California Supreme Court then considered and rejected the insurer's agreement that it was not obligated to pay any judgment which McKeown's heirs may obtain against Stanley's estate since the rental agreement provided for indemnification of the insurer in that situation. The court stated at page 577:

"The rental agreement clearly provides that McKeown is an insured under an insurance policy issued by plaintiff. However, the indemnification clause is so broad that it raises a serious question as to whether the contract can properly be described as a policy of insurance. The indemnification clause shifts to the renter not only the ultimate liability for all injuries to occupants of the vehicle, but also provides that the renter shall indemnify the company for any loss incurred because of injuries resulting from the use of the automobile in violation of any of the terms of the agreement. Among these terms is the prohibition against the vehicle being operated in violation of any federal, state, or municipal law. Thus, if the indemnification agreement is given its full effect, plaintiff would be precluded from seeking indemnity from the renter only in the unlikely event that the liability arose out of injuries to person other than occupants of the insured vehicle while the automobile was being operated by one of a small class of persons and the negligent conduct out of which the liability arose violated no federal, state or municipal law, including, of course, the Vehicle Code, sections 1 through 42273."

The court also noted, after setting forth certain statutory definitions of the term "insurance", that the indemnification clause would appear to be inconsistent with the rental agreement since the agreement provided that it was McKeown who was the assured under the policy and stated that "* * * where the indemnification clause is so broad as to shift ultimate liability to the 'insured' in all situations likely to occur, and where the clause is set forth inconspicuously in small print, an am-

biguity is created concerning both the nature of the agreement and the intent of the parties." The court also evaluated the reasonable expectations of the parties and stated at 577:

"* * * It cannot be doubted that he (McKeown) intended to relieve himself of liability which might arise out of the operation of the automobile, for surely he did not enter into the contract solely for the benefit of strangers who might be injured."

The court concluded that the policy insured Stanley's estate against liability for the death of McKeown and that the indemnification clause did not prevent McKeown's heirs from requiring the insurer to satisfy any judgment rendered in the wrongful death action.

Plaintiff attempts to distinguish the *Armstrong* case on the grounds that (1) it was not an action between the insurer and the insured under any reimbursement agreement, and (2) that it does not appear in the opinion whether California has a statutory provision similar to Section 7—317 (h) permitting a reimbursement clause.

However, the *Armstrong* case is not distinguishable from the present case for either of these reasons. First, although the parties in that case were not the same as the parties in this case, the issue of enforceability of a reimbursement provision was squarely presented and resolved against the insurer. Second, the reimbursement clauses in the *Armstrong* case and in this case are not enforceable for lack of statutory authorization, but instead for unreasonably undermining the insurance coverage ostensibly provided to the renter.

Plaintiff contends that an insurer who issues a liability policy to an insured engaged in the car rental business is entitled to contract for reimbursement of any loss or damage in the event of a breach of the terms, provisions or conditions of the policy on the part of the renter by reason of sub-paragraph (h) of Section 7—317 of the Illinois Motor Vehicle Law which at the time of this occurrence provided:

"(h) The policy may provide that the insured, or any other person covered by the policy shall reimburse the insurance carrier for payment made on account of any loss or damage claim or suit involving a breach of the terms, provisions or conditions of the policy."

He argues that Sections 7—317 (h) and 8—118 must be read together because the closing phrase of Section 8—118 provides:

"(P)rovided, however, every such policy provides insurance insuring the operator of the rented motor vehicle against liability imposed by law upon such insured for bodily injury to, or death of any person or damage to property to the amounts and limits as provided under Section 7—317 of this Act."

He states that since it is conceded that ·8—118 must be read into or considered as a part of the policy, then 7—317 (h) must also be considered a part of the policy and since this is true, plaintiff's contract for reimbursement with the insured is valid because authorized by statute.

The clear language of 7—317 (h) is that the policy may provide for reimbursement, not that an insurance company by separate contract with its insured may so provide. The construction of the statute requested by plaintiff would permit any insurance company insuring one engaged in the car rental business to place into a policy provisions which would entitle the insurer to reimbursement in most situations likely to occur. The answer to the contention that the indemnification provision in question is valid because the statute (7—317 (h) ) states that the policy may provide, is that this policy did not so provide and therefore plaintiff will not be permitted to rely upon a provision in the policy that is not there. Furthermore, the reference in Section 8-118 to Section 3—317 is obviously only to the "amounts and limits" as provided in 7—317 and not to all the provisions of that section.

Assuming that a simple rental contract could be issued altering, diminishing, contradicting or changing the coverage in an insurance policy, the entire regulation providing for approval by the Office of the Commissioner of Insurance could be nullified. We must therefore conclude that the insurance policy issued conformed to the state law as expressed in 8—118, and that the only restrictions thereto must be in the policy itself as required by 7—317.

■■ Accordingly, we hold that the reimbursement clause contained in the rental agreement and relied upon by plaintiff is unenforceable and therefore the judgment of the Circuit Court of Cook County is reversed.

Judgment reversed.

EBERSPACHER and JONES, JJ., concur.