609 P.2d 46

**ALL AMERICAN SCHOOL SUPPLY COMPANY, Appellee Cross-Appellant,**

v.

**J. Dean SLAVENS, dba Dean Slavens Construction Company; and Jane Doe Slavens, his wife, Appellants Cross-Appellees.**

No. 14183.

Supreme Court of Arizona, In Division.

Feb. 26, 1980.

Rehearing Denied April 9, 1980.

Henry, Wallach, Kimerer & LaVelle by Michael J. LaVelle and Michael C. Monson, Phoenix, for appellants cross-appellees.

Evans, Kitchel & Jenckes by Jerry C. Bonnett and Daniel J. Lathrope, Phoenix, for appellee cross-appellant.

HOLOHAN, Vice Chief Justice.

The appellant and cross-appellee J. Dean Slavens entered into a contract with Tuba City Uniform School District No. 15 for the construction of a locker room and certain other athletic field improvements. Slavens in turn entered into two subcontracts with appellee and cross-appellant All American School Supply Company for part of this work. All American completed the work under the contracts, but Slavens refused to pay for the work. All American instituted suit.

The trial court severed Counts I and II of All American's fourth amended complaint from the rest of the action. Summary judgment on these two counts was entered by the trial court, and judgment was entered in favor of All American for the contract price, $194,000, plus 6% interest. The judgment was made final pursuant to Rule 54(b), Rules of Civil Procedure, 16 A.R.S. Slavens filed an appeal from the

judgment. All American cross-appeals from the trial court's award of 6% interest on the indebtedness.

We took jurisdiction pursuant to Rule 19(e), Rules of Civil Appellate Procedure, 17A A.R.S.

The issues on appeal are:

1) Did the trial court properly determine on summary judgment that All American's work was within their C–23 contractor's license?

2) Was 6% the proper amount of interest on the judgment?

### THE LICENSE

When the material facts are not in dispute it is a question of law whether All American held the proper license to do the project. *See City of Phoenix v. Superior Court,* 109 Ariz. 533, 514 P.2d 454 (1973) and *Pace v. Hanson,* 6 Ariz.App. 88, 430 P.2d 434 (1967). The material facts are not in dispute on appeal. All American held a C–23 license and did complete the work according to the contract. Slavens questions whether the C–23 contractor's license allowed All American to contract to do the type of work done under the contract. The resolution of the scope of the C–23 license held by All American is crucial to their recovery for if not properly licensed, A.R.S. § 32–1153 * would totally preclude their suit.

Turning to the merits, we note in passing that the Registrar of Contractors has not seen fit to define the scope of a C–23 license. A.C.R.R. R 4–9–02 lists classifications of licenses and, under Special Contractor, includes as the title of a C–23 "Institutional Equipment—Stationary Furniture, Laboratory Tables, Lockers and Blackboards." However, the description placed on the license reads as follows:

"Institutional Equipment (1) Stationary Furniture, Laboratory Tables, Lockers, Chalk Boards, Gymnasium, Playground and *Stadium Equipment* (2) Shelving and Storage Equipment (3) Auditorium Seating and Stage Equipment." (Emphasis supplied.)

The work at issue here was the installation of prefabricated bleachers and lockers. Slavens poured the concrete base and installed the necessary supports for the bleachers. All American then bolted onto this base the seats, which were prefabricated for installation. The lockers were the usual athletic type, taken to a jobsite as units for placement in the school locker room. All equipment installed by All American was removable and reuseable on other premises without substantial damage to the equipment.

■ The issue of the proper license was brought before the Registrar of Contractors in an administrative hearing in which both parties to this appeal participated. The hearing was held before the office's most experienced and respected hearing officer, Julian McClure. His findings, which were approved by the Registrar, were that the work on the project was within the scope of a C–23 license. Courts give great weight to the opinions of those charged with the duty of administering the regulation of a pursuit involving technical expertise. *Arnold Construction Co., Inc. v. Arizona Board of Regents,* 109 Ariz. 495, 512 P.2d 1229 (1973); *City of Phoenix v. Superior Court, supra.*

■ We hold that in this case All American did need to be licensed, *see Pace v. Hanson, supra,* and agree with the Registrar and Superior Court that prefabricated bleachers are "stadium equipment" within the meaning of the description on the C–23 license itself.

### INTEREST ON THE JUDGMENT

Due to Slavens' withholding of payment, All American had to borrow $194,000, which

---

* A.R.S. § 32–1153 reads as follows:

No contractor shall act as agent or commence or maintain any action in any court of the state for collection of compensation for the performance of any act for which a license is required by this chapter without alleging and proving that the contracting party whose contract gives rise to the claim was a duly licensed contractor when the contract sued upon was entered into and when the alleged cause of action arose.

is the amount due them under the contract, for working capital at 9½% interest. All American, in its cross appeal, asserts that while A.R.S. § 44–1201(A) does mandate that in the absence of an agreement to the contrary interest on legal indebtedness is 6%, the necessity of borrowing working capital at a higher rate of interest was a foreseeable result of Slavens' breach of contract, so the trial court should have awarded the high interest rate as consequential damages.

 Arizona has long held that damages for breach of contract are those damages which arise naturally from the breach itself or which may reasonably be supposed to have been within the contemplation of the parties at the time they entered the contract. *Southern Arizona School For Boys, Inc. v. Chery*, 119 Ariz. 277, 580 P.2d 738 (App.1978); *Valley National Bank v. Brown*, 110 Ariz. 260, 517 P.2d 1256 (1974); *Higgins v. Arizona Savings and Loan Association*, 90 Ariz. 55, 365 P.2d 476 (1961); *Sharp v. Western Union Telegraph Co.*, 39 Ariz. 349, 6 P.2d 895 (1932). Absent a showing that the defendant knew of special circumstances which would arise to cause plaintiff special damages in the event of a breach of the contract, the plaintiff is limited to the recovery of the amount due and the legal rate of interest. *Sharp v. Western Union Telegraph Co., supra.*

Courts in some other states have judicially created an exception to statutory interest rates called "moratory" interest, which is interest by way of damages and not a creature of statute, *see, e. g., Davis Cattle Co., Inc. v. Great Western Sugar Co.*, 544 F.2d 436 (10th Cir. 1976). The rule in Arizona is to the contrary. The trial court did not err in limiting the award of interest on the judgment to 6%.

The judgment of the trial court is in all respects affirmed.

HAYS and GORDON, JJ., concur.

### SUPPLEMENTAL OPINION

HOLOHAN, Vice Chief Justice.

Appellant Slavens points out in his motion for rehearing that our opinion incorrectly sets forth wording placed on the C–23 license issued to appellee All American. Although our opinion does not rest on this point we believe that the clarification should be noted.

When appellee All American first received its license in 1966 the Registrar described the business as "C–23 Institutional Equipment—Stationary Furniture, Laboratory Tables, Lockers, Blackboards, Etc." In 1970 the Registrar of Contractors issued a license to Building Specialties Installation, Inc., in which the C–23 license was described as set forth in the original opinion issued in this case. The expanded description in the 1970 license shows the expanded scope which the Registrar was placing on the work to be done under the C–23 license.

Clearly, from 1970 on the Registrar considered stadium equipment to be within the scope of a C–23 license. The original wording on the 1966 license issued to All American has not been changed, but All American is entitled to do the same type of work under its C–23 license as other licensees holding the same type of license.

The motion of appellant for rehearing is denied.

HAYS and GORDON, JJ., concur.