831 P.2d 828

**CONSOLIDATED ENTERPRISES, INC., an Arizona corporation, dba Budget Rent–A–Car, Plaintiff/Appellant,**

v.

**Herbert SCHWINDT and Renee Y. Schwindt, husband and wife, Defendants/Appellees.**

No. 2 CA–CV 90–0244.

Court of Appeals of Arizona, Division 2, Department A.

Feb. 28, 1991.

As Corrected March 5, 1991.

Review Granted June 11, 1991.

Baker Sipe, Campoy and Newman by Ronald J. Newman, Tucson, for plaintiff/appellant.

Chandler, Tullar, Udall & Redhair by D.B. Udall, Tucson, for defendants/appellees.

## OPINION

LACAGNINA, Judge.

The question raised in this appeal is whether a self-insured car rental agency which pays damages suffered by third persons resulting from the negligent act of the driver of a rented motor vehicle, loses its right to recover damages from the renter for breach of the rental agreement. We believe the provisions of A.R.S. § 28–324(A) and (B) do not abolish the owner/rental agency's right to sue its customer for breach of contract, and that the measure of damages may include money paid as damages to injured third parties.

## FACTS

The following stipulated facts were presented to the arbitrator and adopted by the trial court. Plaintiff Consolidated Enterprises, Inc., dba Budget Rent–A–Car of Tucson (Budget) rented a car to Herbert Schwindt (Schwindt) in Pima County on March 31, 1988. Schwindt was specifically advised that he could not allow his daughter, a driver under the age of 21, to drive the rented car. He agreed. A short distance from the car rental agency Schwindt allowed his 17–year–old daughter, Kimberly, to take control of the car. Shortly thereafter, an accident was caused by Kimberly's negligent driving. The parties agree that Budget is in compliance with A.R.S. § 28–324 as a self-insurer, having met the relevant standards.

## PROCEDURAL HISTORY

Budget claimed damages in the amount of $10,340.81 for property loss, towing expenses, and for property and personal injuries paid to the third party. Budget filed suit against Schwindt, claiming he breached the rental contract by allowing his daughter to drive the vehicle and seeking

reimbursement for all damages. The matter was transferred to arbitration, and the arbitrator awarded judgment in favor of Schwindt, finding that "the primary purpose of the statute [A.R.S. § 28–324] is to make certain parties who are injured by the driver of a rented vehicle are protected by liability insurance.... The public policy as identified in A.R.S. § 28–324 mandates coverage for persons operating a motor vehicle with the permission of the person who has rented it."

On appeal from arbitration, the superior court adopted the arbitrator's findings and conclusions and in addition stated:

It is clear that through A.R.S. § 28–324, the legislature of this state has sought to protect the public from possible economic hardship that might result from injury, death or damage to property caused by persons driving rented vehicles, who may not have the financial assets to compensate for such damage. *State Farm Mutual Auto v. Agency,* 139 Ariz. 201, 203, 677 P.2d 1309 [1311 (App.1983)]. The legislature has written this statute mandating the coverage as primary, obligating the insurer or the rental agency itself, if a self-insurer, to pay for damages caused by the renter's negligence and preventing the agency or its carrier from seeking indemnification from the renter for losses caused by his or her negligence.

## BREACH OF CONTRACT ACTION NOT BARRED BY STATUTE

A.R.S. § 28–324(A) and (B) provide, in pertinent part, as follows:

§ 28–324. **Registration of vehicles rented without drivers; liability insurance; joint liability of owner and renter; definition; violation; classification**

A. No owner engaged in the business of renting, ... a motor vehicle ... shall be permitted to register the motor vehicle until he has procured public liability insurance ... or until the owner has furnished to the motor vehicle division satisfactory proof of his ability to respond in damages....

B. The owner of a motor vehicle who rents it to another ... without having procured the required public liability insurance or without qualifying as a self-insurer pursuant to § 28–1222 ..., shall be jointly and severally liable with the renter for damage caused by the negligence of the renter operating the motor vehicle.

Thus, under the statute, Budget could not rent the car without the required showing of its ability to respond to damages in lieu of providing the driver with liability insurance coverage. It was required by subsection (A) of the statute to pay for the damages caused by its customer or anyone driving with his permission. The daughter had Schwindt's permission to drive; therefore, Budget had no defense to the third-party's claim for damages. However, Budget argues that the payment to the third party and other damages shown are included as the measure of its total damages which resulted from Schwindt's breach of the express terms of their agreement which prohibited his 17–year–old daughter from driving the car. Budget argues the rental agreement is a contract and must be given full force and effect, *citing, Isaak v. Massachusetts Indemnity Life Ins. Co.,* 127 Ariz. 581, 623 P.2d 11 (1981).

Schwindt argued successfully to the arbitrator and to the trial court that Budget's breach of contract action is barred because Budget, as the primary insurer, cannot seek indemnification from Schwindt, its insured, for payments made to a third party. We disagree. The claim for damages for breach of contract is not equivalent to a claim for indemnification for the owner's payment of damages suffered by a third party due to the renter's negligence and other damages sustained by the owner. Schwindt argues that the holding of *State Farm Mutual Automobile Ins. Co. v. Agency Rent–A–Car, Inc.,* 139 Ariz. 201, 677 P.2d 1309 (App.1983), supports the judgment of the trial court dismissing Budget's claim. In *Agency,* Division One of this court held that A.R.S. § 28–324(A) places primary responsibility on the rental agency for the payment of damages suffered as a result of the renter's operation of the rental vehicle, without any right of indemnification from the renter. However,

*Agency* does not apply to the facts of this case. First, no breach of the rental agreement was involved in *Agency*. Second, A.R.S. § 28–324 does not prohibit any action by the parties to the rental agreement for breach of a material term of the contract. The statute and the holdings of *Agency*, and *State Farm Mutual Automobile Ins. Co. v. Bogart*, 149 Ariz. 145, 717 P.2d 449 (1986), impose upon a rental agency the responsibility to the public not to rent a car without insurance or the financial ability to respond to a claim for damages arising from operation of the rental car. However, a self-insured rental agency is not an insurer and does not insure liability other than its own. *Bogart, supra*. As the supreme court explained in *Bogart*, with regard to the statute as it existed before 1987:

> A self-insured car rental agency is treated as primarily responsible for liability arising from the use of its rented cars. *State Farm Mutual Automobile Insurance Co. v. Agency Rent–A–Car, Inc.*, 139 Ariz. 201, 202, 677 P.2d 1309, 1310 (App.1983). This is a consequence of A.R.S. § 28–324(B), which makes the agency jointly and severally liable with the driver "for damage" when it rents cars without providing liability insurance. However, a "self-insurer is not an insurer. *A self-insurer does not insure liability other than its own.*" *Orkin Exterminating Co. v. Robles*, 128 Ariz. 132, 134, 624 P.2d 329, 331 (App.1981) (emphasis supplied) (citations omitted).

*Id.* 149 Ariz. at 150, 717 P.2d at 454 (emphasis in opinion). In 1987, the legislature eliminated the distinction created by A.R.S. § 28–324(B) when the rental agency does not provide liability insurance and is self-insured. The 1987 amendment to § 28–324(B) inserted the words "or without qualifying as a self-insurer pursuant to § 28–1222 with at least the minimum limits prescribed in subsection A of this section", after the words "public liability insurance" in the original statute. Therefore, since 1987, a car rental agency that is self-insured as defined by § 28–324(A) is *not* jointly and severally liable for damages caused by drivers of its rented cars. The decision in *Agency*, as approved and ex-

plained by *Bogart*, was based upon the language of § 28–324(B) as it existed prior to the 1987 amendment. Both cases correctly concluded that a self-insured car rental agency, being jointly liable for damages caused by operation of the rental vehicle when it failed to provide liability insurance, satisfied *its own liability* to the injured person imposed by § 28–324(B) and therefore could not claim indemnification from its customer.

We reverse the trial court judgment which was based upon the holding of *Agency* and reject Schwindt's argument, supported by insurance cases, that it is against public policy to permit an insurer to claim indemnification from its insured. As we have previously stated, a self-insured car rental agency is not an insurer and the customer is not an insured. Budget's claim is not for indemnification but for breach of the express oral provision of the rental agreement that Schwindt's daughter would not be allowed to drive the car, and nothing stated by the legislature in A.R.S. § 28–324(A) or (B), as amended, prohibits a claim for breach of contract.

Reversed and remanded for entry of judgment in favor of Budget.

LIVERMORE, P.J., and FERNANDEZ, J., concur.