833 P.2d 706

**CONSOLIDATED ENTERPRISES, INC., an Arizona corporation, dba Budget Rent–a–Car, Plaintiff/Appellant,**

v.

**Herbert SCHWINDT and Renee Y. Schwindt, husband and wife, Defendants/Appellees.**

No. CV–91–0171–PR.

Supreme Court of Arizona, En Banc.

July 16, 1992.

---

36

Baker, Sipe, Campoy and Newman by
Ronald J. Newman, Tucson, for plain-
tiff/appellant.

Chandler, Tullar, Udall & Redhair by D.
Burr Udall, Tucson, for defendants/appel-
lees.

## OPINION

JAMES DUKE CAMERON, Justice.

### I. JURISDICTION

Defendants Herbert and Rene Schwindt
(Schwindt) petition for review of the court
of appeals' opinion holding that Ariz.Rev.
Stat.Ann. (A.R.S.) § 28–324 does not pre-
vent a self-insured car rental agency from
seeking indemnification for payments made
to a third party for damages caused by the
negligence of a person not authorized to
drive under the rental agreement. *Consol-
idated Enterprises, Inc. v. Schwindt*, 171
Ariz. 452, 831 P.2d 828 (Ct.App.1991). We
have jurisdiction pursuant to Ariz. Const.
art. 6, § 5(3), and A.R.S. § 12–120.24.

### II. ISSUES PRESENTED

This court granted review on three is-
sues:

1. Does A.R.S. § 28–324 establish dif-
ferent liability standards for car rental
agencies that self-insure than for those
that procure insurance through an insur-
ance company?

2. May a self-insurer, under A.R.S.
§ 28–324, insulate itself from liability by
restricting the use of a rented vehicle to a
certain class of individuals in the rental
agreement when the statute provides that
the term "renter" includes any person op-
erating a motor vehicle with permission of
the contractual renter?

3. If a car rental agency restricts the
individuals authorized to drive the rental
car and an accident occurs, may it recover
from the renter the amount it paid to the
third persons?

## III.   FACTS AND PROCEDURAL HISTORY

Plaintiff Consolidated Enterprises, Inc., dba Budget Rent-a-Car of Tucson (Budget), rented a car to Herbert Schwindt in Pima County on March 31, 1988. Budget's agent specifically advised Schwindt that his daughter, who was under 21, was not authorized to drive the car under the rental contract. The rental agreement, however, contains no such provision. Shortly after leaving Budget, Schwindt allowed his daughter to take the car to visit a cousin. She negligently ran a red light and collided with a third party. The parties agree that Budget, a "self-insurer," complied with A.R.S. § 28–324, which requires the rental car agency to insure its vehicles for damages caused to third parties by negligent renters. Budget paid the third party $10,-340.81 for its property loss, towing expenses and personal injuries.

Budget then sued Schwindt, seeking reimbursement for the $10,340.81. Budget maintained that it was entitled to reimbursement because Schwindt had breached the rental contract by allowing his daughter to drive the car. The contract contains no agreement for reimbursement or indemnification. The matter was transferred to arbitration and the arbitrator ruled in favor of Schwindt, finding that "the public policy as identified in A.R.S. § 28–324 mandates coverage for persons operating a motor vehicle with the permission of the person who has rented it." *Arbitration Order* at 5 (Feb. 28, 1990).

Budget appealed to the superior court, which adopted the arbitrator's findings of fact and conclusions of law. Relying on *State Farm Mut. Auto. Ins. Co. v. Agency Rent-a-Car*, 139 Ariz. 201, 677 P.2d 1309 (Ct.App.1983), the court held that the insurance procured by a rental agency pursuant to A.R.S. § 28–324 is primary and, therefore, a self-insured rental agency must pay for the damages caused by a renter's negligence and is not entitled to indemnification.

The court of appeals reversed, holding that A.R.S. § 28–324 does not bar a breach of contract action. *Schwindt*, 171 Ariz. at 453, 831 P.2d at 829. The court held that a "claim for damages for breach of contract is not equivalent to a claim for indemnification for the owner's payment of damages suffered by a third party due to the renter's negligence...." *Id.* The court of appeals also found that the *Agency* decision, on which the trial court relied, was factually distinguishable because in *Agency* the rental agency's obligation to the injured third party was for its own liability, and not for the liability of its negligent renter. *Id.* Before the 1987 amendment to § 28–324(B), the statute made self-insured car rental agencies that had not procured liability insurance jointly and severally liable with the renter for damages caused by the renter's negligence. *See id.* Under the 1987 amendment, self-insured car rental agencies are no longer jointly and severally liable for damages caused by drivers of its rental cars. The court of appeals thus reasoned that because a self-insured car rental agency is not an insurer and its customer is not an insured, Budget's suit was proper because it was for breach of contract and not for indemnification. *Id.* The court held that nothing in § 28–324(A) or (B) bars a claim for breach of contract. *Id.* We disagree and vacate the court of appeals' opinion.

## IV.   DISCUSSION

### A.   *The Rental Car Insurance Statute: Coverage to Permissive Drivers*

Arizona's rental car insurance statute, A.R.S. § 28–324, requires rental car agencies to procure public liability insurance for all "renters." The statute provides in relevant part as follows:

A.   No owner engaged in the business of renting ... a motor vehicle ... shall be permitted to register the motor vehicle until he has procured public liability insurance with an insurance company approved by the insurance department of this state insuring the renter thereof against liability arising from his negligence in the operation of the rented vehicle ..., and against the liability of the renter for property damage ..., or until the owner has furnished to the motor vehicle division satisfactory proof of his

ability to respond in damages.... The policy of insurance required by this subsection shall cover any liability of the renter to any passenger in the rented motor vehicle unless the owner gives the renter a written notice that the policy does not cover such liability....

B. The owner of a motor vehicle who rents it to another ... without having procured the required public liability insurance or without having qualified as a self-insurer pursuant to § 28–1222 ..., shall be jointly and severally liable with the renter for damage caused by the negligence of the renter operating the motor vehicle.

C. *"Renter" as used in this section includes any person operating a motor vehicle with permission of the person who has rented it.*

(Emphasis added.)

The Arizona Legislature, by enacting this statute, has determined that a rental car agency must provide a minimum amount of insurance to protect the public before it can conduct business in this state. A natural and presumably intended consequence is to provide protection for renters. The rental car agency must ensure that it is primarily responsible to the public up to the minimum amounts stated in subsection (A) for liability arising from its renter's negligence in the operation of its rental vehicles.

■ A.R.S. § 28–324(C) defines renter as "any person operating a motor vehicle with permission of the person who has rented it." Subsection (C) mandates the statute's application to *all* permissive drivers, regardless of whether the rental car agency provides otherwise in its contract with the renter. Because Schwindt's daughter was driving the rental car with his permission, Budget was therefore required to insure the renter and all permissive users from liability arising from their negligence.[1]

B. *"Self–Insurers" and A.R.S. § 28–324*

■ Under A.R.S. § 28–324(A), each car rental agency must insure against the negligence of its renters in one of two ways, either by procuring public liability insurance or qualifying as a self-insurer pursuant to A.R.S. § 28–1222. While the rental agency may elect between these two options, its decision does not alter the nature and purpose of its obligation under the statute.

An examination of our decision in *State Farm Mut. Auto. Ins. Co. v. Bogart,* 149 Ariz. 145, 717 P.2d 449 (1986), and of the legislature's ensuing amendment to § 28–324(B), will help to illustrate this point and to dispel any confusion regarding the meaning of "self-insurer" in the context of this statute. In *Bogart,* we noted that Hertz Rental Cars (Hertz) was liable for the first $200,000 in damages incurred by two passengers injured when their car collided with a Hertz rental car. Under the statute as then written, the only way an insurer could avoid statutorily imposed joint and several liability for its renter's negligence was to "procure[ ] public liability insurance" pursuant to § 28–324(A). Consequently, as we explained in *Bogart,*

Hertz was a self-insurer, certified as such because, pursuant to A.R.S. § 28–1222(B), the director of insurance found that Hertz was financially responsible to pay damages assessed against *it.* A self-insured car rental agency is treated as primarily responsible for liability arising from the use of its rented cars.... However, a "self-insurer is not an insurer. *A self-insurer does not insure liability other than its own.*"

*Bogart,* 149 Ariz. at 150, 717 P.2d at 454 (emphasis in original) (citations omitted); *see also id.* at 150 n. 2, 717 P.2d 454 n. 2 ("Subsection (B) indicates that an owner who rents a vehicle [to another] 'without having procured the required public liability insurance, shall be jointly and severally

---

1. Contrary to the suggestion of the dissent, this is not a "non-issue[ ]." Dissent at 41. Not only was this, along with the issue that follows, accepted by this court for review, but the resulting discussion helps to provide a background against which to discuss what we agree to be the principal question: whether a rental agency can bring a breach of contract action to recover funds paid out under a statutory obligation to insure.

liable with the renter for damage' caused by the renter's negligence.").

In 1987, following our decision in *Bogart*, the legislature amended § 28–324(B) to include the phrase "or without qualifying as a self-insurer pursuant to § 28–1222 with at least the minimum limits prescribed in subsection A of this section." Laws 1987, ch. 16, § 1.[2] After the amendment, a rental car agency no longer has any joint or several liability as long as it *either* procures liability insurance *or* qualifies as a "self-insurer." Thus, a statutory "self-insurer" under A.R.S. § 28–324 is no longer responding in damages for its own joint liability, but for its renter's liability.

The amendment of § 28–324(B) thus eliminated the inconsistency in treatment of rental car agencies that opted to insure against their renter's negligence in different ways. A § 28–324 "self-insurer" is no longer "insuring" against its own liability, but is insuring its renters against their negligence.

C. *Statutory Insurance under A.R.S. § 28–324 and Budget's Action for Breach of Contract*

[3] Budget argues that although it must cover third parties under § 28–324, once it has satisfied its obligation it may recover from the renter for breach of contract. It asserts that Schwindt breached his contract by allowing his daughter to drive when he was specifically advised that she would not be an authorized driver under the contract, and thus Budget should be able to recover the amount it was required to pay out as a result of that breach. We disagree.

In support of its argument, Budget cites *Isaak v. Massachusetts Indem. Life Ins.*

*Co.*, 127 Ariz. 581, 623 P.2d 11 (1981) for the proposition that the rental contract must be given full force and effect. That case, however, is distinguishable because it did not involve the issue of liability to a third party. The decedent in *Isaak* was fatally injured driving a rental car that he was not authorized to drive. His estate attempted to recover under a first-party personal injury insurance policy authorized by the renter in the rental agreement. The claim was barred, however, because the decedent was not a party to the contract that established the insurance policy. Budget correctly points out that the court enforced the contract. A.R.S. § 28–324 was not implicated in *Isaak*, however, because no third parties were injured.[3]

■ Budget has opted to fulfill its obligations under A.R.S. § 28–324 by acting as a "self-insurer." As we explained above, pursuant to the 1987 amendment to § 28–324(B), a "self-insuring" rental car agency is not insuring against its own liability, but against the negligence of its renters. For all intents and purposes, under § 28–324(B), Budget has opted to act as a casualty insurer for its renters. General principles of insurance law prevent a casualty insurer from seeking indemnification from its insured. *See* 43 Am.Jur.2d *Insurance* § 1, at 73–75 (1982). Budget, required by statute to insure Schwindt and all permissive users against their negligence, could not seek indemnity from Schwindt, its insured. Nor could Budget contract away its statutorily-imposed risk by inserting in its rental agreement restrictive clauses that narrow the statutory requirements.

We therefore conclude that Budget cannot escape the onus of its statutory role as

---

2. *See also Car Rental Companies; Insurance; Liability: Hearings on H.B. 2033 Before the Senate Committee on Insurance, Retirement and Aging,* 38th Legislature, 1st Regular Session (March 18, 1987); *Car Rental Companies; Insurance; Liability: Hearings on H.B. 2033 Before the House Committee on Transportation,* 38th Legislature, 1st Regular Session (Feb. 3, 1987); *Car Rental Companies; Insurance; Liability: Hearings on H.B. 2033 Before the House Committee on Banking and Insurance,* 38th Legislature, 1st Regular Session (Jan. 21, 1987).

3. Budget also cites *Peterson v. Romero,* 88 N.M. 483, 542 P.2d 434 (App.1975), which, like the present case, involved a licensed teenage driver who was not authorized to drive a rental car under the rental contract. The court held that Hertz was not liable for injuries caused to third parties because the contract specifically denied authorization to drivers under 21. This case too is inapposite, however, because New Mexico did not have an applicable public liability insurance statute comparable to A.R.S. § 28–324.

insurer by seeking reimbursement for an insured loss through a breach of contract action against its insured. *See also Roth v. Old Republic Ins. Co.*, 269 So.2d 3 (Fla. 1972) (financial responsibility law required rental agency to provide liability insurance to insure permissive users; rental agreement restricting use of the vehicle to the renter could not alter this obligation; and rental agency's insurer not entitled to indemnification); *Fidelity Gen. Ins. Co. v. Nelsen Steel & Wire Co.*, 132 Ill.App.2d 635, 270 N.E.2d 616, 622 (1971) (reimbursement clause in a rental agreement was unenforceable and the rental agency's insurance company could not collect for damages paid to a third party pursuant to the Illinois for-rent motor vehicle financial responsibility statute, even though they were incurred by the renter while driving contrary to the terms of the contract, because enforcing the reimbursement clause would effectively nullify the insurance coverage required by the statute given the broad restrictions in the contract).

The dissent argues that "public policy dictates a result exactly opposite." Dissent at 42. If this were solely an issue of formulating public policy, or if we were at liberty to decide this case based largely on equitable principles, our conclusion might well be different.[4] *Cf. Dietz v. General Elec. Co.*, 169 Ariz. 505, 509, 821 P.2d 166, 170 (1991) (court not free to decide case on common law or equitable basis given statutory mandate). We are faced, however, with a statute that places the rental agency and the insured in an *insurance* relationship. As the legislature's *primary* concern surely was to ensure at least minimum protection for innocent third parties, *see Agency*, 139 Ariz. at 203, 677 P.2d at 1311, the legislature could certainly have chosen to make the rental agency a *surety* for its renter's liability rather than an *insurer*, or provided other means for reimbursement. It did not. *Cf.* A.R.S. § 28–

1170(H) (allowing private auto insurers to include in their policies provisions requiring the insured to reimburse the insurer for payments that the insurer would not have been obligated to make under the policy but for the requirements of the automobile insurance statutes). Permitting indemnification would turn the implied contract of insurance into a contract of suretyship, and the statute requires insurance. We are therefore obliged to give effect to the legislature's mandate, which we believe precludes a breach of contract action in these circumstances.

## V. DISPOSITION

A car rental agency is primarily responsible for providing insurance to its renters and permissive users up to the statutory limits in A.R.S. § 28–324 and, when providing that insurance itself, is not entitled to reimbursement for payments made to third parties pursuant to this obligation, regardless of whether that reimbursement is claimed as indemnification or damages for breach of contract. The court of appeals' opinion is vacated. The judgment of the superior court is affirmed.

FELDMAN, C.J., MOELLER, Vice C.J., and GORDON, J. (retired), concur.

CORCORAN, Justice, dissenting.

I respectfully dissent. The issue is not whether A.R.S. § 28–324 establishes different liability standards for car rental agencies that self-insure. It does not. The issue is not whether Budget is liable to pay damages to the third party injured by Schwindt's daughter's negligence. It is. The only issue before us is whether Budget may recover damages from Herbert Schwindt, the lessee, for his breach of the rental agreement.

I believe that Budget may recover, provided it shows the usual requisites for a

---

**4.** Indeed, we are aware of the moral hazard identified by the dissent in its hypothetical drunk five year-old driving with his or her parent's permission. *See* dissent at 41. On the other hand, we note that this problem is not unique to this context, and is a feature of almost all insurance situations in which, once a risk is covered, the insured has less incentive to exercise care. What the dissent does not account for is the presence of overwhelming non-insurance incentives to exercise care, *e.g.*, the risk of injury or death to the driver, or liability in excess of the $15,000 coverage provided by the car rental agency.

breach of contract claim, i.e., the existence of a contract, the breach of that contract, and damages flowing from the breach. Neither the existence of a contract nor the breach of that contract is in dispute. This leaves the damages requirement, which I believe is easily satisfied.

Arizona has long held that damages for breach of contract are those damages which arise naturally from the breach itself *or which may reasonably be supposed to have been within the contemplation of the parties at the time they entered the contract.*

*All American School Supply Co. v. Slavens,* 125 Ariz. 231, 233, 609 P.2d 46, 48 (1980) (emphasis added). I can hardly think of a case that better illustrates the damages referred to in the emphasized language in *Slavens.* Unquestionably, the very reason that Schwindt's daughter was not authorized to drive the car was because the parties contemplated that she was a less experienced driver, and therefore more prone to be involved in an accident, than Schwindt himself. Unfortunately, history proved them to be correct.

Under the majority's reasoning, the lessee of a motor vehicle is insulated from liability even for the most deliberate, egregious violations of the lease agreement. Under the majority opinion, the lessee has no liability to the lessor even if the minor to whom he entrusts the car in violation of his contract is 5 years old and driving under the influence of alcohol. Because this strained construction is contrary to public policy and insults common sense, I dissent.

I note first that the majority opinion deals, in part, with non-issues. A substantial portion of the majority opinion is devoted to the "issue" of Budget's liability to third parties under § 28–324. But the case presents no such issue. Budget has always admitted its liability to the injured third party under § 28–324, and has long ago satisfied that liability. Budget argues that, having satisfied its statutory duty, it is now entitled to sue for damages that arise from the lessee's breach of contract. The majority clouds the real issue by casting it, in part, in terms of Budget's statutory duty to insure against its renter's negligence, an issue not presented.

The majority states that "[g]eneral principles of insurance law prevent a casualty insurer from seeking indemnification from its insured." This is certainly true, but *only* as to risks the casualty insurer has either contractually or, as in this case, statutorily assumed. And Budget has neither contractually nor statutorily assumed the risk of damages caused by Schwindt's *breach of contract;* it has only assumed the risk of damages caused by a renter's *negligence.* A.R.S. § 28–324 (rental car agency must insure renter against liability "arising from his *negligence*") (emphasis added). Thus, contrary to the majority's opinion, Budget has not attempted to "contract away its statutorily-imposed risk by inserting in its rental agreement restrictive clauses that narrow the statutory requirements."

The majority relies on *Roth v. Old Republic Ins. Co.,* 269 So.2d 3 (Fla.1972), for the proposition that "Budget cannot escape the onus of its statutory role as insurer by seeking reimbursement for an insured loss through a breach of contract action against its insured." *Roth,* however, did not address the breach of contract issue presented in this case. Moreover, the 4–3 majority in *Roth* based its no-indemnification rule on Florida's public policy as reflected in an earlier Florida case, and the majority here chooses to *ignore* public policy entirely in favor of engaging in an exercise of "insurance" vs. "surety" semantics.

I consider such an exercise inappropriate in this case, and the conclusion derived therefrom simply wrong. I agree with the dissent in *Roth* who said,

The majority opinion would destroy valid contractual rights between contracting parties which are guaranteed by the Constitution and our holdings. The parties have the right to contract; rates will vary with the terms thereof. These fundamental rights—on both sides, as to each party and his carrier—must be held inviolate, so long as …

*Roth,* 269 So.2d at 7 (Dekle, J., dissenting).

The majority also relies on *Fidelity General Ins. Co. v. Nelsen Steel & Wire Co.,*

132 Ill.App.2d 635, 270 N.E.2d 616 (1971), for the view that the rental car agency is precluded from recovering for breach of contract because such recovery would allegedly nullify the required insurance coverage. Although I agree that a broad, boilerplate indemnification clause such as the one involved in *Fidelity* might well be properly held to be unenforceable, no such indemnification clause is involved in the instant case. Instead, Budget's rental agent expressly informed Mr. Schwindt that his minor daughter was not authorized to drive, and Mr. Schwindt expressly agreed not to let her do so. This is a far cry from the boilerplate indemnification provision at issue in *Fidelity*, and the majority's reliance on that case simply is not persuasive.

I fail to see how public policy is advanced by granting immunity to those who intentionally entrust automobiles to inexperienced, unsafe, underage drivers. It seems to me that public policy dictates a result exactly opposite of that reached by the majority.[5] I believe the court of appeals correctly decided the limited issue presented in this case. I would adopt and apply its opinion.

---

5. The majority cites A.R.S. § 28–1170(H) for the proposition that had the legislature intended for Budget to be merely a surety, it could have so provided. Having chosen to ignore public policy and focus instead on the difference between an insurer and a surety, the majority fails to see that § 28–1170(H) actually suggests that allow-

ing Budget's breach of contract action to proceed is in accord with public policy. Section 28–1170(H) seems to me to sanction reasonable contract terms between the *insurer* and its *insured* "so long as they do not prevent liability to third parties." *See Roth,* 269 So.2d at 7 (Dekle, J., dissenting).