854 P.2d 1219

**Larry CLARK, a single man,
Plaintiff/Appellant,**

v.

**DS RENTCO, INC., an Arizona corpora-
tion, dba Saban's Indian School Leas-
ing and/or Saban's Rent–A–Car; Sa-
ban's Indian School Leasing, an Ari-
zona corporation/partnership/limited
partnership; Saban's Rent–A–Car, Inc.,
an Arizona corporation/partner-
ship/limited partnership, Defen-
dants/Appellees.**

No. 2 CA–CV 93–0091.

Court of Appeals of Arizona,
Division 2, Department A.

June 17, 1993.

**234**

Goldberg & Osborne by Daniel J. Radacosky, Phoenix, for plaintiff/appellant.

David R. Postal, Phoenix, for defendants/appellees.

## OPINION

LACAGNINA, Presiding Judge.

Larry Clark, injured by the alleged negligent operation of a rented automobile, amended his complaint for damages against the operator of the automobile within two years of the date of the accident by adding the car rental companies as parties to the action, alleging that they were jointly and severally liable for failure to provide the renter with public liability insurance. The car rental companies moved to dismiss the amended complaint based on the following grounds: (1) the action had abated for failure to serve the original summons within one year after issuance, Ariz.R.Civ.P. 6(f), 16 A.R.S.; (2) the enactment of A.R.S. § 12–2506(D) repealed A.R.S. § 28–324(B); (3) the liability created by A.R.S. § 28–324(B) was statutory and barred by the one-year requirement of § 12–541(3), which began to run at the time Clark learned that the negligent driver was operating a rented vehicle. The trial court granted the motion without stating the grounds for its decision.

We reverse the trial court because we reject all of the arguments urged to support the motion to dismiss. We remand for further proceedings to determine the only issue between the injured party and the car rental companies, which is whether the latter complied with the requirements of A.R.S. § 28–324(B) when they rented the vehicle in which Clark was injured.

**1.** Abrogated by order dated December 20, 1991, effective July 1, 1992. Under the existing Ariz. R.Civ.P. 4(i), 16 A.R.S., the abatement period is

## ABATEMENT

If a summons is not issued or served within one year after the filing of a complaint, the action abates. Ariz.R.Civ.P. 6(f), 16 A.R.S.[1] The car rental companies were not named as parties in the original complaint either specifically or as John Does, and no allegation or claim for relief was made in the original complaint against the car rental companies. There is no factual or legal reason for a summons to issue against non-named parties. The car rental companies were joined as parties by the filing of the amended complaint and any abatement is calculated from that date. There being no question that the amended complaint was served within a few days after filing, the trial court could not dismiss the amended complaint because of abatement. *See Union Interchange, Inc. v. Van Aalsburg*, 102 Ariz. 461, 432 P.2d 589 (1967).

## A.R.S. § 28–324(B) NOT REPEALED BY A.R.S. § 12–2506

█ The nature and purpose of A.R.S. § 28–324(A) requires car rental companies to insure against the negligence of its renters in order to protect the public. The statutory scheme is designed to insure that a car rental company is primarily responsible to the public up to the amount stated in subsection (A). It makes no difference whether the car rental company provides insurance covering its renter or self-insures. The result is the same: it is insuring its renters against their negligence. *Consolidated Enterprises, Inc. v. Schwindt*, 172 Ariz. 35, 833 P.2d 706 (1992).

The liability of companies that rent a car without providing public liability insurance is established by A.R.S. § 28–324(B):

B. The owner of a motor vehicle who rents it to another without a driver, otherwise than as a bona fide transaction involving sale of the vehicle, without having procured the required public liability

120 days. This amendment does not apply in the case at bar.

insurance or without qualifying as a self-insurer pursuant to § 28–1222 with at least the minimum limits prescribed in subsection A of this section, shall be jointly and severally liable with the renter for damage caused by the negligence of the renter operating the motor vehicle.

As the primary insurer required to answer for damages caused by the negligence of its renters, a car rental company is not a "joint tortfeasor" and its liability is imposed by the statute without any fault in the events causing the accident with its renter. It follows then that A.R.S. § 12–2506, abolishing joint and several liability between tortfeasors and requiring an assessment of fault between negligent parties and nonparties causing injury, has nothing to do with A.R.S. § 28–324(B). In addition, A.R.S. §§ 12–2506(D) and (E), providing for several liability and contribution, have no application to § 28–324(B) because there can be no contribution or indemnification between an insured and its insurer. As the supreme court stated in *Consolidated Enterprises, Inc. v. Schwindt:*

> Budget has opted to fulfill its obligations under A.R.S. § 28–324 by acting as a "self-insurer." As we explained above, pursuant to the 1987 amendment to § 28–324(B), a "self-insuring" rental car agency is not insuring against its own liability, but against the negligence of its renters. For all intents and purposes, under § 28–324(B), Budget has opted to act as a casualty insurer for its renters. General principles of insurance law prevent a casualty insurer from seeking indemnification from its insured. *See* 43 Am.Jur.2d *Insurance* § 1, at 73–75 (1982). Budget, required by statute to insure Schwindt and all permissive users against their negligence, could not seek indemnity from Schwindt, its insured. Nor could Budget contract away its statutorily-imposed risk by inserting in its rental agreement restrictive clauses that narrow the statutory requirements.

172 Ariz. at 39, 833 P.2d at 710. The enactment of A.R.S. §§ 12–2501 to 12–2509 abolishing joint and several liability did not repeal the provisions of § 28–324(B) providing for joint and several liability of a car rental company and its renter.

## STATUTORY LIABILITY

■ The failure to comply with the requirements of § 28–324(A) imposes the liability provided by subsection (B). The requirements of (A), and the liability for failure to comply under (B), did not exist at common law and are liabilities created by statute. *See* A.R.S. § 12–541(3). Thus, Clark, injured by a renter, had one year after his cause of action accrued to sue the car rental companies for damages caused by the renter's negligence.

■ The one-year statute of limitations begins to run against the injured party when the car rental agency refuses to pay for the damages caused by its renter's negligence up to the minimum amounts required by A.R.S. § 28–324(A). In the record before us, the car rental companies claim compliance with A.R.S. § 28–324(A), and until this issue is resolved, Clark has no claim against them to recover for the total damages caused by the renter's negligence. Only if there is proven noncompliance is Clark entitled to collect the total amount of his damages from the car rental companies pursuant to subsection (B) of the statute. When a car rental company provides its renter with public liability insurance, the injured party may recover damages based on a judgment against the negligent renter in the amount of the policy provided, but at least up to the minimum requirements of subsection (A). When a car rental company furnishes proof to the motor vehicle department of its ability to respond in damages in the amount required by the statute, a party injured by a negligent renter is paid by the car rental company up to the minimum requirements of financial responsibility provided by § 28–324(A) after recovering a judgment against the negligent renter.

■ Failure to comply with the requirements of subsection (A) should not and does not entitle a car rental company to demand that the injured party sue them to establish the joint and several liability pro-

vided by subsection (B) before first obtaining the judgment for damages caused by a renter's negligence. It is only after an injured party establishes the right to receive damages that the cause of action against the car rental company accrues for the purposes of application of A.R.S. § 12–541(3). The amended complaint is timely filed because Clark has no judgment against the renter for damages, and the trial court has not determined whether the car rental companies have complied with § 28–324(A).

We reverse the judgment dismissing the amended complaint and remand for further proceedings consistent with this opinion.

LIVERMORE, C.J., and FERNANDEZ, J., concur.