536 P.2d 1053

Luis A. MARISCAL and Lupe Mariscal, as surviving parents of Luis A. Mariscal, Jr., Appellants,

v.

AMERICAN SMELTING & REFINING COMPANY, a New Jersey Corporation, Appellee.

No. 2 CA–CIV 1810.

Court of Appeals of Arizona, Division 2.

June 13, 1975.

Rehearing Denied Aug. 7, 1975.

Review Granted Oct. 7, 1975.

Gordon S. Kipps, Tucson, for appellants.

Evans, Kitchel & Jenckes, P. C., by Philip C. Tower, Phoenix, for appellee.

## OPINION

HOWARD, Chief Judge.

Luis A. Mariscal, Jr. was fatally injured on the job at appellee's smelter in Hayden, Arizona. His surviving parents brought this wrongful death action against American Smelting and Refining Company (ASARCO). They appeal from the summary judgment in ASARCO's favor. The following facts are undisputed: (1) The decedent was working in a hazardous occupation as defined by A.R.S. § 23–803 (Employer's Liability Law); (2) decedent was unmarried and left no "dependents" for the purposes of Workmen's Compensation Act (A.R.S. § 23–901 et seq.); (3) ASARCO was subject to the Workmen's Compensation Act; (4) decedent did not elect to reject compensation under the Workmen's Compensation Act prior to his death; (4) ASARCO has complied with the posting of notice requirements of A.R.S. § 23–906(D); (5) ASARCO was completely and fully covered through the State Com-

pension Fund by the insurance required under A.R.S. § 23–961(A).

Appellants present two questions for review:

## I

"Are non-dependent parents permitted to maintain a wrongful death action against an employer who has complied with the provisions of the Arizona State Workmen's Compensation Code?

## II

Are non-dependent parents allowed to maintain a wrongful death action against an employer for the loss of their child while the child was engaged in a hazardous occupation pursuant to A.R.S. § 23–801, et seq.?"

A.R.S. § 12–611 states:

"When death of a person is caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action to recover damages in respect thereof, then, and in every such case, the person who or the corporation which would have been liable if death had not ensued shall be liable to an action for damages, notwithstanding the death of the person injured, . . ."

▆▆▆ Thus, under the Wrongful Death Act appellants can maintain an action only if the deceased could have done so had he survived. Huebner v. Deuchle, 109 Ariz. 549, 514 P.2d 470 (1973). Not having rejected the compensation law before his injury, the deceased could not have maintained an action against his employer, A. R.S. § 23–906(A); Worthington v. Industrial Commission of Arizona, 85 Ariz. 310, 338 P.2d 363 (1959). We agree with the Michigan Supreme Court in a similar factual situation which held that the parents were not entitled to bring an action against the son's employer for the death of their son as a result of an injury arising out of and in the course of the son's em-

ployment in view of the wrongful death statute and the exclusive remedy provisions of the Workmen's Compensation Act. Mairui v. Sinacola Construction Company, 382 Mich. 391, 170 N.E.2d 27 (1959).

The Employer's Liability Law, § 23–801, et seq., makes employers in specific occupations designated as inherently dangerous, liable for the accidental injury or death of an employee regardless of the employer's fault. Arizona Copper Company v. Hammer, 250 U.S. 400, 39 S.Ct. 553, 63 L.Ed. 1058 (1919). The Employer's Liability Law is separate and distinct from the Wrongful Death Act and the right to maintain an action under the Employer's Liability Law is not affected by the Wrongful Death Act. However, although the Employer's Liability Law has not been repealed by the Workmen's Compensation Act, A.R.S. § 23–1030, the exclusivity provisions of A.R.S. § 23–906(A) and § 23–1022(A) are still applicable when one brings an action under the Employer's Liability Act. Williams v. Magma Copper Company, 5 Ariz.App. 236, 425 P.2d 138 (1967).

A.R.S. § 23–906(A) provides as follows:

"Employers who comply with the provisions of § 23–961 as to securing compensation shall not be liable for damages at common law *or by statute,* except as provided in this section, for injury or death of an employee wherever occurring, but it shall be optional with employees to accept compensation as provided by this chapter or to reject the provisions of this chapter and retain the right to sue the employer as provided by law." (Emphasis added)

The pertinent provisions of A.R.S. § 23–1022(A) are:

"The right to recover compensation pursuant to the provisions of this chapter for injuries sustained by an employee shall be the exclusive remedy against the employer. . . ."

▆▆▆ Appellants argue that provisions of the Arizona Constitution prohibit appli-

cation of the Workmen's Compensation Act to non-dependents. In particular, they point to Article 2, Section 31; Article 18, Section 6; and Article 18, Section 8, A.R. S.

Article 2, Section 31 states:

"No law shall be enacted in this State *limiting the amount* of damages to be recovered for causing the death or injury of any person." (Emphasis added)

Article 18, Section 6 provides:

"The right of action to recover damages for injuries shall never be abrogated, and the amount recovered shall not be subject to any statutory limitation."

Article 18, Section 8 (Workmen's Compensation Act) provides:

"The Legislature shall enact a Workmen's Compensation Law applicable to workmen engaged in manual or mechanical labor in all public employment whether of the State, or any political sub-division or municipality thereof as may be defined by law in such private employments as the Legislature may prescribe by which compensation shall be required to be paid to any such workman, in case of his injury and to his *dependent*s, as defined by law, in case of his death . . . ." (Emphasis added)

Appellants argue that the grant of power given to the legislature by Article 18, Section 8 of the Arizona Constitution only gives it the power to enact the Workmen's Compensation legislation which affects employees and dependents and that the exclusivity provisions of A.R.S. § 23–906(A) and A.R.S. § 23–1022 are unconstitutional since they are beyond the power granted to the legislature and violative of Article 2, Section 31 and Article 18, Section 6 of the Arizona Constitution. We do not agree.

The answer to appellants' contention is simple. Article 18, Section 6, of the Arizona Constitution makes the former common law action for negligence a "constitutional action." Moseley v. Lilly Ice Cream Company, 38 Ariz. 417, 300 P. 958 (1931). However, there is no common law right of

action for wrongful death, it being purely statutory in nature. Halenar v. Superior Court in and for County of Maricopa, 109 Ariz. 27, 504 P.2d 928 (1972). A.R.S. § 12–611 creates a claim for wrongful death. A.R.S. § 23–801 et seq. (Employer's Liability Law) also creates a claim for death; however, under the foregoing statutes, the death need not be caused by a wrongful act. Since the cause of action under the Employer's Liability Law is created by statute, it follows that the existence of such a right may be abrogated in whole or part by legislative enactment. This was done by the legislature when it enacted A. R.S. § 23–1022(A) and § 23–906(A). Williams v. Magma Copper Company, supra.

The cases have been almost unanimous in holding that under "exclusive remedy" statutes such as ours, non-dependents are barred from a remedy by the failure of the workman to reject Workmen's Compensation coverage prior to his injury. Larson's Workmen's Compensation Law, Vol. 2, § 66.20. Leech v. Georgia-Pacific Corporation, 485 P.2d 1195 (Or.1971); Mullarkey v. Florida Feed Mills, Inc., 268 So.2d 363 (Fla.1972); Treat v. Los Angeles Gas & Electric Corp., 60 Cal.App. 466, 213 P. 263 (1923); Stample v. Idaho Power Company, 92 Idaho 763, 450 P.2d 610 (1969). As is stated in Larson's Workmen's Compensation Law, Vol. 2, supra, p. 12–26:

"The principal justification for these decisions usually lies in the explicit wording of the clause barring any non-compensation liability for damages on account of the injury or death. Even without the additional precaution of a list of third persons barred, the sweeping language used in describing the employer's immunity seems to indicate a legislative intention that is accurately reflected in the majority rule."

A further rationale for the rule is found in Stample v. Idaho Power Co., 450 P.2d 610 at 613:

"The purpose of these laws was to provide 'not only for employees a reme-

dy which is both expeditious and independent of proof of fault, but also for employers a liability which is limited and determinative.' Thus, anything that tends to erode the exclusiveness of either the liability or the recovery strikes at the very foundation of statutory schemes of this kind, now universally accepted and acknowledged."

To hold otherwise would create an absurdity. Dependents, who suffer the greatest loss, would be barred by the Workmen's Compensation Act, but non-dependents, who suffer a lesser loss, would be allowed to recover. Such a result cannot be justified.

Affirmed.

KRUCKER and HATHAWAY, JJ., concur.