548 P.2d 412

**Luis A. MARISCAL and Lupe Mariscal, as surviving parents of Luis A. Mariscal, Jr., Appellants,**

v.

**AMERICAN SMELTING & REFINING COMPANY, a New Jersey Corporation, Appellee.**

No. 12252–PR.

Supreme Court of Arizona, In Banc.

April 7, 1976.

Rehearing Denied May 11, 1976.

Gordon S. Kipps, Tucson, for appellants.

Evans, Kitchel & Jenckes, by Philip C. Tower, Phoenix, for appellee.

STRUCKMEYER, Vice Chief Justice.

This action was brought by the parents of Luis A. Mariscal, Jr., pursuant to Arizona's Wrongful Death Act, A.R.S. § 12–611, et seq., against the American Smelting and Refining Company and others, alleging that the plaintiffs were damaged by the deprival of the love, affection, guidance, solace and companionship of their son. Decedent was 23 years of age when he was killed in an accident while working for the company. He was unmarried, had no dependents, was not contributing to the support of his parents, and was subject to the provisions of Arizona's Workmen's Compensation Act. In the Superior Court, a summary judgment was entered in favor of defendants. The Court of Appeals affirmed. We accepted jurisdiction on review. Opinion of the Court of Appeals, 24 Ariz.App. 161, 536 P.2d 1053 (1975), vacated.

By statute, A.R.S. § 12–611, it is provided that when the death of a person is caused by a wrongful act and the wrong-

ful act is such as would, if death had not ensued, have entitled the party injured to maintain an action to recover damages, the person who would have been liable if death had not ensued is liable in an action for damages notwithstanding the death of the person injured. The statute confers an original and distinct claim for damages. *Huebner v. Deuchle,* 109 Ariz. 549, 514 P.2d 470 (1973); *Quintero v. Continental Rent-A-Car System, Inc.,* 105 Ariz. 135, 460 P.2d 189 (1969).

■ Section 12–611 must be read, however, in pari materia with A.R.S. § 23–906 A. This latter section provides that employers who obtain workmen's compensation shall not be liable in damages at the common law or by statute.

"A. Employers who comply with the provisions of § 23–961 as to securing compensation shall not be liable for damages at common law or by statute, except as provided in this section, for injury or death of an employee wherever occurring, but it shall be optional with employees to accept compensation as provided by this chapter or to reject the provisions of this chapter and retain the right to sue the employer as provided by law." A.R.S. § 23–906 A.

Notwithstanding, appellants argue that under Arizona's Employers' Liability Law, A.R.S. § 23–801, et seq., non-dependent parents can maintain a wrongful death action against an employer if the child at the time of his death was engaged in a hazardous occupation. It is their position, as we understand it, that their right of action is bottomed on the Arizona Constitution, Article 18, § 7, and this the Legislature may not abolish.

Since statehood, the Arizona Constitution, by Article 18, § 7, has provided:

*"Employer's liability law*

To protect the safety of employees in all hazardous occupations * * * the Legislature shall enact an Employer's Liability law, by the terms of which any employer * * * shall be liable for the death or injury, caused by any accident * * * of any employee in the service of such employer * * *."

Pursuant to the mandate of this section, the Legislature enacted Ch. 89, Laws of 1912, now A.R.S. § 23–801, et seq.

By § 23–801, an employer is liable for the death or injury of an employee caused by an accident while the employee is working in a hazardous occupation. A right of action for damages in case of death is given in this language:

"When in the course of work in any of the employments or occupations enumerated in § 23–803, personal injury or death by an accident * * * is caused to or suffered by a workman * * * the employer is liable in damages to the employee injured or, in case death ensues, to the personal representative of the deceased for the benefit of the surviving widow or husband and children of the employee or, if none, then to the employee's parents * * *." A.R.S. § 23–805 A.

We do not think, however, that the Employer's Liability Law, Article 18, § 7, and its enabling legislation, A.R.S. § 23–801, et seq., gives appellants an action for damages under the circumstances of this case.

■ Since statehood in 1912, the Legislature by Article 18, § 8, of the Constitution of Arizona has been directed to enact a workmen's compensation law, and since its amendment in 1925, Article 18, § 8 has provided that by such law "compensation shall be required to be paid to any * * * workman, in case of his injury and to his dependents, as defined by law, in case of his death * * *." The constitutional amendment also provides "that it shall be optional with any employee * * * to settle for such compensation, or to retain the right to sue said *employer as provided by this Constitution* * * *." (Emphasis added) The right of the employee to sue the "employer as provided by this Constitution" includes those rights granted by the Employer's Liability Law, Article 18,

§ 7, of the Constitution. The right to sue is therefore dependent upon which option the employee elects. If he elects to take compensation, he foregoes the right to sue.

Article 18, § 8 of the Constitution further provides:

" * * * such employee, engaged in such private employment, may exercise the option to settle for compensation by failing to reject the provisions of such Workmen's Compensation Law prior to the injury."

■ In the instant case, decedent did not reject the provisions of Arizona's Workmen's Compensation Law. He thereby elected to settle for compensation, giving up the right to sue his employer. The parents' rights to sue were determined by the decedent's decision to accept the provisions of the Workmen's Compensation Act. *Worthington v. Industrial Commission of Arizona,* 85 Ariz. 310, 315, 338 P.2d 363 (1959).

Appellants are bound by the decedent's election that his dependents take compensation in case of his death.

The judgment of the Superior Court is affirmed.

CAMERON, C. J., and HAYS, HOLOHAN and GORDON, JJ., concurring.