821 P.2d 166

Alexander B. DIETZ and Irma N. Dietz, husband and wife, and Mary Antoinette Dietz, Alexander Rudy Dietz and Amy Suzette Dietz, minors, By and Through their parent and natural guardian, Alexander B. Dietz, Plaintiffs,

v.

GENERAL ELECTRIC COMPANY, S & C Electric Company, General Electric Wiring Co., a subsidiary of General Electric Co., Defendants.

No. CV–90–0435–CQ.

Supreme Court of Arizona,
En Banc.

Nov. 21, 1991.

**506**

Law Offices of Robert Q. Hoyt by Robert Q. Hoyt, Gerald T. Barton, Tucson, for plaintiffs.

Fish, Duffield, Miller, Young, Adamson & Alfred, P.C. by K. Alexander Hobson, Arthur H. Miller, Tucson, for defendants General Elec.

Chandler, Tullar, Udall & Redhair by D. Burr Udall, Tucson, Robert D. Kolar & Associates by John Fanone, Chicago, for defendant S & C Elec. Co.

Robert J. Forman, Dix & Waterman by J. Stephen Dix, Tucson, for amicus curiae.

## OPINION

FELDMAN, Vice Chief Justice.

This question of law was certified to us by the Honorable William D. Browning, Chief Judge of the United States District Court for the District of Arizona. It arises from Arizona's statutory abrogation of the doctrine of joint and several liability. We accepted certification because the issue is one of first impression and requires interpretation of Arizona's version of the Uniform Contribution Among Tortfeasors Act (UCATA), A.R.S. §§ 12–2501 *et seq.*

We have jurisdiction under A.R.S. § 12–1861. The procedures for answering certified questions are specified in Rule 27, Ariz.R.Sup.Ct., 17A A.R.S.

## FACTS AND PROCEDURAL HISTORY

Alexander B. Dietz (Dietz) was injured in the course of his employment at the Magma Copper Company (Magma) mine at San Manuel, Arizona, on June 8, 1987. Shortly after his injury, he filed a claim for workers' compensation benefits under A.R.S. § 23–1061. Magma, self-insured for workers' compensation, accepted the claim and paid Dietz medical and other benefits.

In June 1989, Dietz filed a negligence action in Pima County Superior Court, naming General Electric Company and S & C Electric Company as defendants. He sought damages for his industrial injuries and alleged that General Electric and S & C Electric (Defendants) caused those injuries by negligently manufacturing and distributing certain appliances he had used while working for Magma. Upon petition by General Electric, the cause was removed to the District Court.

Pursuant to A.R.S. § 12–2506, Defendants named Magma as a nonparty at fault. Dietz moved to strike this designation, arguing that under A.R.S. § 12–2501(H), an employer liable for workers' compensation cannot be considered a nonparty at fault. Before ruling on Dietz' motion, the district judge certified the following question to this court:

> When an employer negligently contributes to an employee's injury, may the joint tortfeasors have that negligence considered for the assessment of fault under A.R.S. § 12–2506 or does A.R.S. § 12–2501(H) preclude such consideration?

## DISCUSSION

### A. The Statutes

█ With certain exceptions not relevant to this case, the liability of tortfeasors in Arizona is several only. By statute,

> [e]ach defendant is liable only for the amount of damages allocated to that defendant in direct proportion to that defendant's percentage of fault.... To determine the amount of judgment to be entered against each defendant, the trier of fact shall multiply the total amount of damages recoverable by the plaintiff by the percentage of each defendant's fault....

A.R.S. § 12–2506(A).[1]

■ Section 12–2506 also provides that when assessing the percentage of each defendant's fault, the factfinder "shall consider the fault of all persons who contributed to the alleged injury ... regardless of whether the person was, or could have been, named as a party to the suit." § 12–2506(B). The percentages of fault assessed against such "nonparties are used only as a vehicle for accurately determining the fault of the named parties." *Id.* Assessment of fault against the nonparty does not subject the nonparty to liability. *Id.*

■ Defendants invoked these statutory provisions, naming Magma as a nonparty at fault under § 12–2506. Designating Magma a nonparty at fault would allow Defendants to offer trial evidence of Magma's negligence and to argue that the jury should attribute all or some percentage of fault to Magma, thereby reducing Defendants' percentage of fault and consequent liability.

From Dietz' viewpoint, this designation would result in the named Defendants "laying off" their liability on a nonparty that could not defend itself. Even worse, Dietz *could not join* Magma as a defendant because Arizona law provides that an employer complying with the requirements of the workers' compensation statutes "shall not be liable for damages at common law ... for injury or death of an employee...." A.R.S. § 23–906(A). The sole relevant exception is for employees who have "elected" to reject the provisions of the workers' compensation law and thereby retained their common law rights against their employer. A.R.S. § 23–906(A), (B). Having

accepted workers' compensation benefits, Dietz could not have named Magma as a party defendant but, instead, could bring his action only against Defendants.

Dietz therefore moved the district court to strike the designation of Magma as a § 12–2506 nonparty at fault, relying on § 12–2501(H), part of the UCATA article,[2] which provides:

> This article does not create a right of contribution against an employer ... liable for workmen's compensation in connection with an injury.... For purposes of determining the amount of pro rata shares *under this article*, any employer ... who has paid or who is liable for workmen's compensation shall not be considered....

(Emphasis added.)

Section 12–2506, providing for the assessment of fault against nonparties, is part of the same article as § 12–2501(H). Dietz argues, therefore, that the provisions of § 12–2501(H) govern and apply to § 12–2506, thus prohibiting assessment of fault against Magma, an "employer ... who has paid ... workmen's compensation...." Defendants, on the other hand, contend that § 12–2501(H) applies only to the assessment of fault for *contribution* purposes. Defendants argue that for the purpose of determining each defendant's percentage of several liability, the assessment of fault against nonparties is governed by A.R.S. § 12–2506(B). This provision requires such assessment *"regardless* of whether" the nonparty "could have been" made a party. (Emphasis added.)

The *contribution* provisions of Arizona's version of the UCATA, including 12–

1. Dietz' accident occurred in 1987. The effective date of § 12–2506(A) was January 1, 1988. Section 12–2506(A) is nevertheless applicable to this case. Dietz' claim arose before the effective date of the statute, but he did not file his action until the "window period" between the enactment of the statute and its effective date had elapsed. *See Hall v. A.N.R. Freight System, Inc.,* 149 Ariz. 130, 137, 717 P.2d 434, 441 (1986).

2. Arizona has adopted the Uniform Contribution Among Tortfeasors Act. Accordingly, "if two or more persons become jointly or severally liable in tort for the same injury ... there is a

right of *contribution* among them...." A.R.S. § 12–2501(A) (emphasis added). The contribution right allows a tortfeasor that has paid "more than his pro rata share of the common liability" to recover from all other tortfeasors responsible for the same injury all amounts the former has paid "in excess of his pro rata share." § 12–2501(B). Such share is usually determined by considering the "relative degrees of fault" of each of the tortfeasors responsible for the injury and multiplying each percentage by the total amount of damages awarded. A.R.S. § 12–2502.

2501(H), were enacted in 1984. Laws 1984, Ch. 237, § 1. *See generally* Butler & Gage, *Comparative Negligence and Uniform Contribution: New Arizona Law*, 20 ARIZ. BAR J. 16 (1984). The 1984 legislation (the "original article") provided a scheme for contribution between joint tortfeasors,[3] and contained comparative negligence provisions (A.R.S. § 12–2505). The original article, however, neither addressed nor modified the common law doctrine of joint and several liability. *See ante* note 2. At common law, a tortfeasor could be held responsible for the entire damage

> sustained by the plaintiff, even though the defendant's act concurred or combined with that of another wrongdoer to produce the result—or, as the courts have put it, that the defendant is liable for all consequences proximately caused by the defendant's wrongful act.

PROSSER & KEETON ON THE LAW OF TORTS § 47, at 328 (5th ed. 1984); *see Curlee v. Morris*, 72 Ariz. 125, 231 P.2d 752 (1951).

The 1984 enactment of UCATA left in place the common law doctrine that a defendant whose wrong had contributed to the damage to any degree could be liable for all of the damage. It allowed such a defendant to recoup from the other joint tortfeasors all or part of the "excess" it had paid (*see* A.R.S. § 12–2501(A) and (B)) and provided a system for establishing the fault of nonparty joint tortfeasors to facilitate such contribution claims.

The employer exception contained in § 12–2501(H) of the original article therefore simply prevented joint tortfeasors from asserting contribution claims against employers who enjoyed statutory immunity under the workers' compensation act. The reason for such a provision is obvious: failure to exempt such employers from the contribution requirements would effectively repeal the employer's statutory immunity from employee tort actions.

Unlike the original article, the provisions of § 12–2506 do not pertain to contribution but, rather, abolish joint liability and establish a scheme of several liability based on comparative fault. The current § 12–2506 was enacted in 1987 and requires the trier of fact in a negligence case to "consider the fault of *all* persons who contributed to the alleged injury ... *regardless of whether the person was, or could have been, named as a party* to the suit." A.R.S. § 12–2506(B) (emphasis added). Magma enjoys an employer's statutory immunity from suit and could not be made a party defendant. Under § 12–2506(B), however, if Magma was a joint tortfeasor, its fault must be considered by the factfinder. In Defendants' view, the later-enacted § 12–2506 overcomes the prior provisions of § 12–2501(H).

Defendants buttress their argument by citing numerous cases, all of which allow the fault of a nonparty, immune employer to be considered in assessing a percentage of fault to each party to the action. *See Williams v. White Mountain Construction Co.*, 749 P.2d 423, 429 (Colo.1988); *Pape v. Kansas Power & Light Co.*, 231 Kan. 441, 647 P.2d 320 (1982); *Bode v. Clark Equipment Co.*, 719 P.2d 824 (Okla. 1986); *Taylor v. Delgarno Transp., Inc.*, 100 N.M. 138, 667 P.2d 445 (1983); *see also Brown v. Keill*, 224 Kan. 195, 580 P.2d 867 (1978) (intrafamily immunity does not prevent consideration of immune, nonparty child's negligence in assessing fault). We consider these cases to be only marginally relevant. They correctly indicate that allowing the factfinder to consider the fault of an immune nonparty serves the objectives of statutes enacting comparative negligence and contribution among joint tortfeasors, and abolishing joint liability. None of the states in question, however, had a statutory provision like A.R.S. § 12–2501(H), which expressly forbids consideration of an immune employer's fault in actions brought under an article that contains

---

**3.** At first glance, the question certified is somewhat ambiguous because it refers to "joint tort-

feasors." Arizona has not abolished the concept

provisions dealing with both contribution and the abrogation of joint liability.[4]

Similarly, cases cited by Dietz are not helpful. *Dafonte v. Upright, Inc.*, 231 Cal. App.3d 1279, 282 Cal.Rptr. 739 (1991), is only marginally relevant because the California statutes and initiative provision are markedly different from Arizona's. Nor is *Evans v. Schenk Cattle Co., Inc.*, 558 N.E.2d 892 (Ind.App.1990), helpful to our analysis. In *Evans*, the court ruled that while a jury could consider *evidence* of an employer's conduct in a third-party action by an injured employee, the jury could not deduct from plaintiff's *recovery* based on the employer's conduct. *Id.* at 895. To do so would amount to allocating fault to the nonparty employer, when an Indiana statute provided that, with respect to several liability, a "nonparty shall not include the employer of the claimant." Ind.Code Ann. § 34–4–33–2(a) (Burns 1990). *See Evans*, 558 N.E.2d at 895. Arizona has no statute clearly and explicitly providing that an employer cannot be considered a nonparty at fault in assessing percentages of several liability, which is precisely why we now face the issue of whether A.R.S. § 12–2501(H) precludes Dietz' employer from being designated a nonparty at fault.

Dietz relies heavily on the equity of his position.[5] The argument is quite persuasive. An employee who has accepted benefits for an employment-related injury and then sues a third party whose negligence contributed to the injury, must repay the employer or its insurance carrier from any recovery. A.R.S. § 23–1023(C).[6] Thus, if Dietz recovers from Defendants, he must reimburse Magma, a self-insurer, for all compensation and medical benefits he has received. Thus, if Defendants are able to name Magma as a nonparty at fault, and Defendants' percentages of fault are consequently reduced by the percentage attributable to Magma, Dietz' recovery against Defendants will be reduced even though (a) § 23–906(A) prohibits Dietz from suing Magma for the percentage of the damages attributable to Magma's fault, and (b) A.R.S. § 23–1023 requires Dietz to reimburse Magma for all benefits paid from any third-party recovery, even though the jury may have found that Magma negligently caused part of the loss.

If we were free to decide on a common law basis, Dietz' argument might compel us to recognize legal or equitable principles that would prohibit assessing fault against nonparties that, while immune from plaintiff's action, have a lien on his recovery. This is not, however, a common law proceeding. Neither contribution nor the regime adopted to determine several liability is part of the common law system of this state. They are, instead, creatures of the legislature. Consequently, absent constitutional violation, resolution of this problem must come from interpretation of the statutes.

We are faced with two arguably contradictory statutes within the same article.

of joint tortfeasors; it has only abolished the doctrine of joint liability.

**4.** Section 12–2501(H), while enacted as part of Arizona's version of UCATA, was not part of the Uniform Act as developed by the National Conference of Commissioners on Uniform State Laws. Our review of the annotations to the Uniform Act indicates that Arizona is the only state to have adopted such a provision. *See* Unif. Contribution Among Tortfeasors Act § 1, 12 U.L.A. 63, Supp. at 76 (1955 & Supp.1991).

**5.** Dietz cites one statute in support of his argument that we should take an equitable approach to resolving the problem. A.R.S. § 12–2502(3) provides that in "determining the pro-rata share of tortfeasors in the entire liability: (3) Principles of equity applicable to contribution generally apply." This section was also part of the original 1984 enactment and refers to the determination of pro-rata shares for contribution

purposes, not for the assessment of several liability. The aim of the section is to ensure an equitable distribution of liability for contribution as among tortfeasors; it does not authorize us to apply equitable principles to other statutes as a general matter. *See* Unif. Contribution Among Tortfeasors Act § 2, Commissioners' Comment, 12 U.L.A 87–88 (1955); *Aalco Mfg. Co. v. City of Espanola*, 95 N.M. 66, 618 P.2d 1230, 1231 (1980) (Uniform Act's "goal is equity among tortfeasors").

**6.** A.R.S. § 23–1023(C) reads as follows:

If [an employee] proceeds against [the tortfeasor], compensation ... benefits shall be paid ... and the insurance carrier or [self-insured employer] shall have a lien on the amount actually collectible from [the tortfeasor] to the extent of ... benefits paid.

Section 12–2501(H) prohibits assessment of fault against nonparty, immune employers. Section 12–2506 commands assessment of fault against all nonparties, regardless of whether they are immune from actual liability for damages. As is all too often the case, neither our research nor that of the parties has revealed any indication of legislative intent with respect to the specific issue before us. Each party to this controversy advances a variety of the canons of statutory construction to "assist" us in interpreting the statutes. And indeed, we might be driven toward a particular result in this case simply by deciding which among our inventory of principles of statutory construction to apply.

■ We prefer a better approach. When the text of a statute is capable of more than one construction or result, legislative intent on the specific issue is unascertainable, and more than one interpretation is plausible, we ordinarily interpret the statute in such a way as to achieve the general legislative goals that can be adduced from the body of legislation in question. *See Tracy v. Superior Court,* 168 Ariz. 23, 31, 810 P.2d 1030, 1038 (1991); *Kriz v. Buckeye Petroleum Co., Inc.,* 145 Ariz. 374, 377, 701 P.2d 1182, 1185 (1985); *Calvert v. Farmers Ins. Co.,* 144 Ariz. 291, 294, 697 P.2d 684, 687 (1985).

The overall legislative objectives regarding this body of legislation are fairly clear. Starting in 1984, the legislature set out to reform the tort system. The first steps were the enactment of a scheme of comparative negligence and the provision for contribution among joint tortfeasors, which enabled a joint tortfeasor that had paid more than "its joint share" of the judgment to recoup the excess from the other joint tortfeasors. *See* A.R.S. §§ 12–2501 *et seq.* The legislature later enacted § 12–2506, abrogating joint liability in most cases and establishing a system of several liability making each tortfeasor responsible for paying for his or her percentage of fault *and no more.* With a few specified exceptions, contribution will become virtually unnecessary in actions filed after the effective date of § 12–2506.

Given this history, we believe the later-enacted provisions of § 12–2506(B), compelling the assessment of nonparty fault regardless of whether the nonparty was or could be made a defendant to the action, must prevail over the provision in § 12–2501(H) prohibiting such assessment against immune employers. As was the case before the current version of § 12–2506 was enacted, the provisions of § 12–2501(H) prohibiting the consideration of immune employers apply, as originally intended, only to contribution actions.

**B. Constitutional Issues**

Dietz argues that such a result violates article 2, § 31 and article 18, § 6 of our constitution. The latter prohibits abrogation of a cause of action for injury, and the former prohibits limitations on the amount of damages to be recovered for causing death or injury to any person. Dietz argues that the construction of the statutes proposed by Defendants, as applied to an employer enjoying the immunity of the workers' compensation law, violates these constitutional provisions.

The meaning and history of these constitutional provisions have recently been given considerable attention by this court. *See, e.g., Boswell v. Phoenix Newspapers, Inc.,* 152 Ariz. 9, 730 P.2d 186 (1986), *cert. denied,* 481 U.S. 1029, 107 S.Ct. 1954, 95 L.Ed.2d 527 (1987); *Barrio v. San Manuel Division Hospital, Magma Copper,* 143 Ariz. 101, 692 P.2d 280 (1984); *see also Humana Hospital Desert Valley v. Superior Court,* 154 Ariz. 396, 742 P.2d 1382 (App.1987); *Franks v. United States Fidelity & Guaranty Co.,* 149 Ariz. 291, 718 P.2d 193 (App.1985).

■ We need not prolong this opinion with a description of those cases. We do not believe the construction we give to the statutes violates the constitutional provisions under the circumstances presented by this case. Dietz is effectively prevented from recovering damages against his employer; but, absent rejection of his rights under the workers' compensation law, Dietz never had a claim against Magma. The constitution contemplates precisely

this result. *See* Ariz.Const. art. 18, § 8; *Mariscal v. American Smelting & Refining Co.*, 113 Ariz. 148, 548 P.2d 412 (1976). It is true that Dietz' recovery is diminished to some extent by the statutory provisions (A.R.S. § 23–1023(C)) giving Magma, the immune employer, a lien on the recovery Dietz obtains from the non-immune defendants. But the lien provisions in favor of immune employers have been part of the workers' compensation system since 1925, when the predecessor to the current statute was adopted. They are part of the trade-off contemplated in the constitution—common law tort rights for no-fault workers' compensation benefits. *See* Ariz. Const. art. 18, § 8; *see also Clark v. Pacificorp*, 116 Wash.2d 804, 809 P.2d 176, 185 (1991). In that regard, we do not view the lien provisions as a limitation on the amount of damages recoverable and see no violation of article 2, § 31.

■ Nor do we see any abrogation of a cause of action that would offend article 18, § 6. As noted, Dietz had no common law action against Magma as long as Magma complied with the workers' compensation statutes. *See* Ariz.Const. art. 18, § 8; *Mariscal*, 113 Ariz. at 149–50, 548 P.2d at 413–14. Dietz' common law rights were limited to a so-called third party action against the tortfeasors whose negligence combined with Magma's alleged negligence to produce his injuries. Section 12–2506 does not prohibit Dietz from bringing that action and therefore does not violate article 18, § 6 of the constitution. Dietz has raised but not briefed any argument that the abolition of joint liability in itself unconstitutionally reduces the amount recoverable in his action against the third party tortfeasors by limiting his damages to an amount equal to the percentage of fault assessed against those defendants. We do not, therefore, reach the question of whether such a limitation violates article 2, § 31.

We are well aware that if Magma is assessed a portion of the fault for Dietz' injury, our construction of the statutes in question could result in Magma being immune from both a suit for common law damages for its negligence and a contribution action, while still able to recover from Dietz the amount of benefits it has paid him. We respond, however, with two points. First, for all practical purposes, a similar result was possible even before the abrogation of joint liability. Although there was no provision for assessment of a nonparty employer's percentage of fault, there were many cases under the system of joint and several liability in which a nonparty immune employer was negligent and still exercised its lien on the employee's recovery of damages from joint tortfeasors. *See, e.g., Stroud v. Dorr–Oliver, Inc.*, 112 Ariz. 403, 542 P.2d 1102 (1975). Second, our decision on the question before us today does not preclude Dietz from litigating the issue of whether

> the comparative negligence doctrine should be read in conjunction with the workmen's compensation statutes to require that an employer or its workmen's compensation carrier should be reimbursed from monies recovered by the injured workman from a third-party tortfeasor only in those instances where the employer or its insurer has paid more than its proportionate share of the employee's damages.

*Taylor v. Delgarno Transport, Inc.*, 100 N.M. 138, 667 P.2d 445, 449 (1983) (Payne, C.J., and Sosa, Senior J., dissenting); *see also* discussion in *Clark*, 809 P.2d at 186–88.

### CONCLUSION

The answer to the question certified is as follows: When an employer negligently contributes to an employee's injury, the joint tortfeasors may require the employer's negligence to be considered for the assessment of fault under A.R.S. § 12–2506. The provisions of A.R.S. § 12–2501(H) do not preclude such consideration. We leave the assessment of costs for this proceeding to the discretion of the district judge.

GORDON, C.J., and CAMERON, MOELLER and CORCORAN, JJ., concur.